# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**Derrick J. King**                                                                               **PLAINTIFF**

vs.                                                                               No. 3:11-CV-403-CWR-FKB

**The Board of Trustees of State
Institutions of Higher Learning
of the State of Mississippi d/b/a
University of Mississippi Medical Center
and Henk de Weerdt**                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant, Henk de Weerdt's ("de Weerdt"), motion to dismiss premised upon qualified immunity and the Mississippi Tort Claims Act, supported by his memorandum of authorities and a response by Plaintiff, Derrick King. The Court, after reviewing the motion and the relevant law, is of the opinion that the motion must be **DENIED.**

### I.  BACKGROUND

Derrick King, a black male, began employment with University of Mississippi Medical Center ("UMC"), in August 2008.[1] Despite holding a masters degree, and receiving recommendations "for higher jobs from persons with whom he worked," he was never promoted by Defendant, de Weerdt, the Chief Technology Officer of Defendant University of Mississippi Medical Center. [Docket No. 20] at ¶ 5. Indeed, during King's employment, de Weerdt never promoted a single black male to a supervisory position although white males, who had inferior qualifications, were routinely promoted. *Id*.

---

[1] Plaintiff filed his Second Amended Complaint [Docket No. 20] on December 9, 2011. The Court accepts King's factual allegations as true and makes reasonable inferences in his favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Prior to this filing, de Weerdt had already filed his motion to dismiss and since that time he has not moved to amend his original motion based on Plaintiff's second amended complaint.

King's claim of discrimination springs from his application for the position of Supervisor of Client Service Operations. In March 2010, de Weerdt interviewed King for the position. *Id.* at ¶ 6. During the interview, it became obvious to King that he was nothing more than a filler candidate as de Weerdt refused to look at Plaintiff and gave indications that there was no real opportunity for him. *Id*. It was obvious to King that de Weerdt had no intention of offering him the position. *Id*. at ¶ 7. Confirming King's suspicions, de Weerdt ultimately selected a white male whose qualification "could not have exceeded" King's. *Id*. at ¶ 6. Thereafter, in April, King applied for two other positions, but he was not selected for either position. *Id*. at ¶ 8.

King filed a race discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on June 17, 2010 regarding his non-selection for the position of Supervisor of Client Service Operations. *Id*. at ¶ 9. The EEOC gave notice of the charge to Defendants on June 21, 2010. *Id*. Two months later, on August 19, King was terminated. *Id.* at ¶ 10. Defendant claimed that the reason for King's termination was renovation and restructuring of the Department. King, however, contends that the reason provided is merely pretextual - -"[h]ad it not been for the race discrimination and retaliation against Plaintiff, he would have been promoted to a higher position within the Technology Department and would not have been terminated from his employment." *Id*. at ¶ 11.

King sues Defendant UMC for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. He alleges separate claims of race discrimination and retaliation against de Weerdt, individually in violation of 42 U.S.C. § 1981.

King also claims Weerdt is liable for malicious interference with his employment contract, a state tort.[2]

de Weerdt moves to dismiss King's federal claims on the basis of qualified immunity and argues King's malicious interference with a contract claims is barred by the Mississippi Tort Claims Act ("MTCA")[Docket No. 10]. King has responded [Docket No.17], therefore this matter is ripe for adjudication.

## II. LEGAL STANDARDS

Motions made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure test the legal viability of a complaint. A court reviewing such a motion must afford "the assumption that all of the complaint's allegations are true," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), and determine whether the averments comprise a "plausible" right to recovery. *Id.* According to Rule 12(b)(6), a defendant is entitled to judgment as a matter of law if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "[A] motion to dismiss under Rule 12(b)(6) serves the same function as a common law demurrer, i.e., it is used to challenge the legal sufficiency of the complaint." *Prepmore Apparel, Inc. v. Amalgamated Clothing Workers of Am.*, 431 F.2d 1004, 1006 (5th Cir. 1970) (citations and quotations omitted). Such a motion should be granted only if the complaint fails to illustrate a set of factual allegations under which no plausible right of relief exists. *Twombly*, 550 U.S. at 570 (plaintiff must plead "enough facts to state a claim

---

[2]According to de Weerdt, King "filed a complaint brought pursuant to Title VII, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. §§ 1981, 1983 against deWeerdt individually as an employee of the University of Mississippi Medical Center..." [Docket No. 11 at 1]. deWeerdt, however, misreads King's Complaint. King alleges that de Weerdt is liable individually for both compensatory or punitive damages for race discrimination and retaliation in violation of 42 U.S.C. § 1981. He has not alleged that de Weerdt is being sued individually under Title VII. Docket No.20, at ¶¶ 12 and 14. Any such claim would fail. *See Kent v. Vicksburg Healthcare, LLC*, No. 5:10cv195-DCB-RHW, 2012 WL 1556511, at * 6, n. 18 (S.D. Miss. April 30, 2012)(citing *Indest v. Freeman Decorating, Inc*., 164 F.3d 258, 262 (5th Cir. 1999)). King also brings a state law claim against de Weerdt.

3

to relief that is plausible on its face.").

A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. *See also, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Once the court has accepted the well-pled factual allegations as true, it then turns to whether the claim is plausible. *Iqbal*, 556 U.S. at 678.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.*

When determining whether a plausible claim of relief has been adequately plead, it will be a 'context-specific' task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### III. ANALYSIS

**Federal Claims**

King has successfully defeated Defendant Weerdt 's assertion of qualified immunity.

In order for the Court to determine whether an official is entitled to qualified immunity, it must determine whether the plaintiff has alleged facts that, if proven, would establish that the official

4

violated the plaintiff's constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If so, the court must determine whether the official's conduct was objectively reasonable in light of clearly established law at the time of the state actions at issue. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(en banc). Here, King "must demonstrate prior to discovery that [his] allegations are sufficiently fact-specific to remove the cloak of protection afforded by a [qualified] immunity defense." *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 620 (5th Cir. 1992)(*quoting Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988)(internal citations omitted).

The Court will first address the federal claims against de Weerdt individually pursuant to 42 U.S.C. § 1981 through 42 U.S.C. § 1983. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Section 1981's protections against race discrimination "include[] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Liability under § 1981 liability "will lie against an individual defendant if that individual is 'essentially the same' as the State for the purposes of the complained-of conduct." *Foley v. University of Houston System*, 355 F.3d 333, 337 (5th Cir. 2003). As the Chief Technology Officer who is alleged to be responsible for King receiving any promotions yet continuously refused to promote King, de Weerdt is the State for the purposes of the complained-of conduct. *Foley v. University of Houston System*, 355 F.3d 333, 337 (5th Cir. 2003)(quotation and citation omitted). In order to bring a claim for racial discrimination and retaliation against de Weerdt in his individual capacity under § 1981, King must pursue those claims through a § 1983 action. *Felton v. Polles*, 315 F.3d 470, 482 (5th Cir. 2002)("[W]hen a state employee seeks to hold an

5

individual state employee liable in damages for violation of § 1981 rights, such claim must also be pursued under the remedial provisions of § 1983). *See also Merrill v. Mississippi Department of Public Safety*, Cause No. 3:10cv681-CWR-LRA, slip op. at 9 (S. D. Miss. Aug. 16, 2011)(the requirement is not a mere pleading requirement but a mandatory component of a well pled claim); *Lofton v. City of West Point, Miss.*, Nos. 1:10cv282-SA-DAS, 1:10cv316-SA-DAS, 2012 WL 1135862, at *11 (N.D. Miss. April 4, 2012)(same). King did so, and despite de Weerdt's contention, the Court finds that King has plead his failure to promote and retaliation claims properly. *See* [Docket No. 20], at ¶ 12.

As his basis for opposition, de Weerdt argues that he is protected by qualified immunity from the § 1981 discrimination and retaliation claims for two reasons. First, at no time was he acting *outside* the course and scope of his duties as Chief Technology Officer, and second, "at no time did [he] violate any constitutional or statutory right of Kings'." [Docket No. 11], at 4.

Although he was indeed acting within the course and scope of his duties as the Chief Technology Officer, he is not shielded from liability. According to King, de Weerdt based his non-selection of King based on his race, and the Court agrees with King: "No reasonable person, including de Weerdt, could possibly believe that discriminating on the grounds of race is appropriate" [Docket No. 18], at 3. *See Simmons v. Abel*, No. 3:94cv064-S-O, 1995 WL 1945524, *5 (N.D. Miss. 1995)("It has been settled for many years that it is unconstitutional to treat individuals of different races who are similarly situated in a contrary manner."). Similarly, the retaliation claim brought against de Weerdt too may proceed. *See Nesbit v. West Bolivar School Dist.*, No. 2:09cv156-PS, 2011 WL 1044630 (N.D. Miss. March 18, 2011); and *Lauderdale v. Tex. Dep't of Criminal Justice*, 512 F.3d 157, 166 (5th Cir. 2007). *See also Carrera v. Commercial*

*Coating Servs. Int'l, Ltd.*, 2011 WL 1439918, *4 (5th Cir. Apr. 14, 2011)(§ 1981 affords a cause of action to an employee who suffered retaliation in response to filing an EEOC charge alleging racial discrimination).

**State claim**

As for the supplemental state law claim, the Complaint characterizes this claim as malicious interference with employment contract. In Mississippi, a claim for malicious interference with Plaintiff's employment is the same as asserting a tortious interference with contractual relations claim. *See Roberson v. Winston County, Miss.*, No. 1:00CV415, 2002 WL 449667, *6-7 (N.D. Miss. Mar. 4, 2002). In order to establish a tortious interference with a contract, the plaintiff must prove the same elements as those required to prove tortious interference with business relations, plus one additional element: malicious interference with a valid and enforceable contract. *Levens v. Campbell*, 733 So.2d 753, 759-61. For tortious interference with business relations to lie in Mississippi, the plaintiff must prove: "1) the acts were intentional and willful; 2) the acts were calculated to cause damage to the plaintiff[] in [his] lawful business; 3) the acts were done with the unlawful purpose of causing damage and loss without justifiable right or justifiable cause on the part of the defendant (which constitutes malice); and 4) actual loss and damage resulted." *Dulin v. Board of Commissioners of Greenwood Leflore Hosp.*, 2009 WL 2922984, *6 (N.D. Miss. Sept. 8, 2009)(internal citations omitted).

De Weerdt asserts that this claim is prohibited by the Mississippi Tort Claims Act, Miss.Code Ann. § 11-46-1, *et seq*. The defendant quotes § 11-46-7(2), which states, in part:

> An employee **may be joined** in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, **but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employees**

**duties**.

> For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense.

(Emphasis added). That portion in the above statute which is in bold is the only part of the statute which de Weerdt cites to support his contention that he cannot be held personally liable on the claims as alleged. But, counsel failed to read (or at least cite to) the next portion of the statute, which clearly provides that an employee shall NOT be considered acting with the course and scope of his employment . . . "for any conduct . . . if the employee's conduct constituted . . . malice."

King's Complaint has alleged malicious conduct on de Weerdt's part. *See* [Docket No. 20], at ¶ 15("Defendant de Weerdt is liable to Plaintiff for malicious interference with employment contract in violation of state law."). The protections normally available to a state actor under the MTCA, therefore, are removed. *Gibson v. Estes*, No. 2:05cv170, 2007 WL 1459307, at * 1 (N.D. Miss. May 16, 2007). *See also Stephen v. Winston County, Miss.*, 1:07cv118-SA-JAD, 2008 WL 4813829, at *10 (N.D. Miss. Nov. 4, 2008)("The Mississippi Supreme Court held that when a state employee acts with malice, he acts outside the scope of his employment, and is therefore subject to personal liability.")(citation omitted).

### IV. CONCLUSION

de Weerdt's *Motion to Dismiss Individual Claims Filed Against Defendant Henk De Werdt Based Upon Federal Qualified Immunity and Immunity Under the Mississippi Tort Claims Act* (Docket No. 10) is hereby **DENIED**. King's claims against de Weerdt individually alleging violations of § 1981, and his state law claim of malicious interference with employment contract

both survive the motion to dismiss.

      SO ORDERED, this the 11th day of July, 2012.

                                            s/Carlton W. Reeves
                                            UNITED STATES DISTRICT JUDGE